IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUTH L. DEPUTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:02cv1401-T |
| ) | |
| COLONIAL BANK, JUDY MILLS, ) | |
| and ANDREA MCCAIN, ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Plaintiff Ruth Deputy ["Deputy"] filed this lawsuit asserting race discrimination claims against all of the defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991. She alleged that each defendant discriminated against her by refusing to promote her and that each defendant retaliated against her for filing a charge of discrimination.[1]

On 1 October 2003, the defendants filed the following motions:[2] (1) Colonial Bank's

---

[1] Deputy contends that the retaliation was in the form of a racially hostile work environment.

[2] Although the defendants filed separate motions, the texts of the motions were identical, and they filed a "Consolidated Memorandum of Law" in support of the three motions (See Doc. # 37). Thus, the Magistrate Judge generally analyzed the motions as one, i.e., based upon Deputy's complaint and her response to the summary judgment motions, the Magistrate Judge construed all of her claims to have been asserted against all three defendants.

["Colonial"] motion for summary judgment on all of the claims asserted by plaintiff Ruth Deputy ["Deputy"] (Doc. # 34); (2) Andrea McCain's ["McCain"] motion for summary judgment on all of Deputy's claims (Doc. # 35); and (3) Judy Mills' ["Mills"] motion for summary judgment on all of Deputy's claims (Doc. # 36).

On 5 December 2003 (Doc. # 50), the Magistrate Judge entered a Recommendation advising that the court (1) deny the defendants' motion for summary judgment on the Title VII claims, (2) deny the motion for summary judgment on the Section 1981 claim; (3) grant the motion for summary judgment on the retaliation claim "as a result of an internal complaint filed against Roy Matthews"; and (4) deny the motion for summary judgment on the retaliation claim as a result of "the EEOC claim that she filed against Colonial".

All three defendants objected to the Recommendation on 15 December 2003 (Doc. # 52), by stating that:

> (1) defendants could not have retaliated against Deputy because of her EEOC charge because her non-selection for promotion occurred before, not after, the filing of the charge;
>
> (2) Deputy abandoned her retaliation claim by failing to tender evidence of a hostile environment;
>
> (3) Colonial could not have refused to promote Deputy because of her race because it did not know her race;
>
> (4) Huxford is not a defendant on the Section 1981 claim;
>
> (5) defendants' legitimate, non-discriminatory reason for selecting Craig Burkhalter ["Burkhalter"] was ignored, and the Magistrate Judge substituted her judgment for Colonial's business judgment;

>(6) Deputy failed to tender any evidence of discrimination by McCain; and
>
>(7) Deputy failed to tender any evidence of discrimination by Mills.

The court entered an order on 28 September 2004 (Doc. # 61), which "overruled in part and reserved in part" the defendants' objections and "overruled in part and adopted in part" the Recommendation. Specifically, the court

>(1) granted summary judgment and dismissed Deputy's Title VII claims against Mills and McCain and determined that the claim would proceed against only Colonial;
>
>(2) re-submitted Deputy's Section 1981 claim for a determination of the appropriate defendants on the claim;
>
>(3) granted summary judgment and dismissed Deputy's retaliation claim based on the internal complaint;
>
>(4) re-submitted Deputy's EEOC retaliation claim for determinations of whether it is a Title VII or Section 1981 claim or both, whether it should survive as to both, and the appropriate defendants on the claim.

## I. DISCUSSION

Ruth Deputy is a *pro se* plaintiff, and her complaint and pleadings have been construed liberally. ***Mederos v. United States***, 218 F.3d 1252, 1254 (11th Cir. 2000). The court, however, cannot become her counsel, and we must rely on the plaintiff to explain her claims and provide evidence to the court of her claims. ***See Barker v. Norman***, 651 F.2d 1107, 1123 (5th

Cir. 1981).[3] Thus, although *pro se* litigants are not held to the same stringent standards as litigants who are represented, they must still submit appropriate opposition to summary judgment motions.

### A.     *Deputy's Section 1981 Claim*

Neither Deputy's complaint nor her response to the summary judgment motions specifically indicates whether she asserts her Section 1981 claim against one, two, or all three defendants. The court has assumed, for the sake of analysis, that the claim is asserted against Colonial, McCain, and Mills.

> The McDonnell Douglas framework for establishing a prima facie case is used in intentional discrimination cases brought under either Title VII or Section 1981. *Sledge v. Goodyear Dunlop Tires N.A., Ltd.,* 275 F.3d 1014, 1015 n.1 (11th Cir. 2001). Under McDonnell Douglas, a plaintiff may establish a prima facie case of discrimination in promotion by establishing that (1) he belongs to a racial minority; (2) he was qualified for and applied for a position the employer was trying to fill; (3) he was denied the position; and (4) others who were not members of the protected class were hired, or the employer continued to seek applicants with the plaintiff's qualifications. 411 U.S. at 802, 93 S. Ct. at 1824.

***Cooper v. Southern Co.,*** 390 F.3d 695, 724 (11th Cir., 2004)

McCain was Colonial's Employee Relations Director while Mills was its Senior Vice President of Retail Operations (Doc. # 1). Colonial concedes that the plaintiff was not selected for the position and that Burkhalter was selected. Thus, the employment action was

---

[3]In ***Bonner v. Prichard***, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

clearly taken on Colonial's behalf *by someone in authority to do so*.

However, even a close examination of paragraphs 17 through 20 of her complaint (Doc. # 1, pp. 5-6), which set forth the facts of her application and non-selection, does not support the conclusion that either McCain or Mills made the decision to *reject* Deputy or made the decision to *select* Burkhalter.

Moreover, in support of her response to the motion for summary judgment, Deputy submitted no documents which assigned responsibility for the selection or promotion to either of the individual defendants. Her exhibits were limited to a hiring requisition regarding Roy Matthews (Exhibit A), a March 2002 memorandum to her from Mills (Exhibit B), the defendants' initial disclosures (Exhibit C), Deputy's job description (Exhibit D), an e-mail message from Mills to Deputy in January 2002 regarding Deputy's position review (Exhibit E), the job description for Office Manager (Exhibit F), and the job description for Secretary/Customer Service (Exhibit G).

Accordingly, because the analytical standard for assessing Title VII claims and Section 1981 claims is the same, Deputy's Section 1981 claim should proceed against Colonial only.[4] However, because Deputy has proffered no additional evidence linking McCain or Mills to the challenged decision, their motions for summary judgment should be granted on both claims, and all of Deputy's claims against them should be dismissed.

---

[4]The court has already determined that the Title VII claim will proceed against Colonial (See Doc. # 61).

5

B.  *Deputy's EEOC Retaliation Claim*

    1.  **Legal Basis for Claim**

Because Deputy's articulation of her claims was unclear, the court has construed her retaliation as one based on both Title VII and Section 1981 and as a claim advanced against all three defendants.

    2.  **Validity of Retaliation Claim**

The defendants' objection to the Magistrate Judge's assignment of liability for retaliation was legitimate. They are correct: the decisions to reject Deputy and to hire Burkhalter predated Deputy's filing of a charge with the EEOC. Thus, Deputy's non-selection could not have been a retaliatory act for the EEOC charge.

Deputy alleged that the defendants retaliated against her by creating a hostile work environment. In her complaint, she stated:

> As a direct and proximate result of Plaintiff's complaint with the EEOC, the Defendants have retaliated against Plaintiff by creating a hostile work environment and subjecting Plaintiff to derogatory comments, close scrutiny of arrival and, making sarcastic [sic] during staff meetings that pertain to law suites [sic], departure times, the exact details of which will be further adduced at the time of trail [sic].

(Doc. # 1, ¶23). Other than conclusory allegations, however, Deputy did not produce any *evidence* of a hostile work environment. None of her exhibits addressed the quality of the work environment or characterized it. In fact, the court has carefully reviewed her exhibits, and, except for defendants' counsel's transmittal letter, all of the documents were prepared

*before* Deputy was rejected for the position. Thus, they are not evidence of retaliation for the same reason advanced by defendants regarding the EEOC charge.

Accordingly, the defendants' motions for summary judgment on Deputy's retaliation claim should be granted and that claim should be dismissed.

## II.   CONCLUSION

For the reasons stated herein, and for good cause, it is the RECOMMENDATION of the Magistrate Judge that:

1. Colonial's motion for summary judgment on Deputy's Section 1981 claim should be DENIED;

2. McCain's and Mills' motion for summary judgment on Deputy's Section 1981 claim should be GRANTED, and the claim should be dismissed with prejudice;

3. The Recommendation entered on 5 December 2003 is AMENDED and SUPPLEMENTED as follows:

    a. Colonial's, McCain's and Mills' motion for summary judgment on Deputy's Title VII retaliation claim should be GRANTED, and the claim should be dismissed with prejudice;

    b. Colonial's, McCain's and Mills' motion for summary judgment on Deputy's Section 1981 retaliation claim should be GRANTED, and the claim should be dismissed with prejudice.

      c.      The reference to Huxford as a defendant was error and should be disregarded.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 12 April 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 29th day of March, 2005.

    /s/ Vanzetta Penn McPherson
    VANZETTA PENN MCPHERSON
    UNITED STATES MAGISTRATE JUDGE

9